IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENIO MATHIS as Personal
Representative of the Wrongful Death
Estate of JDC, Deceased,

    Plaintiff,

v.                                                                                                                              Civ. No. 22cv930 SCY/KK

NEW MEXICO CHILDREN, YOUTH AND FAMILIES
DEPARTMENT, MARVIN PAUL, JESSICA ETOLL,
MATTHEW HERNANDEZ, and MELISSA GARCIA,

    Defendants.

**ORDER ADOPTING JOINT STATUS REPORT AND
PROVISIONAL DISCOVERY PLAN WITH CHANGES AND
<u>SETTING CASE MANAGEMENT DEADLINES</u>**

THIS MATTER came before the Court at a Telephonic Rule 16 Initial Scheduling Conference held on February 24, 2023. Following a review of the parties' Amended Joint Status Report and Provisional Discovery Plan (Doc. 23), filed February 23, 2023, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)    Maximum of 25 Interrogatories by each party to any other party;

    b)    Maximum of 25 Requests for Admission by each party to any other party;

    c)    Maximum of 10 depositions by Plaintiff and 10 depositions by Defendants; and,

    d)    Depositions are limited to 7 hours, unless extended by agreement of the parties.

The following case management deadlines have been set:

    a)    Deadline for Plaintiff to amend and join additional parties by written consent or to seek the Court's leave to amend and join additional parties in compliance with Fed. R. Civ. P. 15(a)(2):                                    April 3, 2023

| | | |
|---|---|---|
| b) | Deadline for Defendants to amend and join additional parties by written consent or to seek the Court's leave to amend and join additional parties in compliance with Fed. R. Civ. P. 15(a)(2): | April 17, 2023 |
| c) | Plaintiff's Rule 26(a)(2) expert disclosures:[1] | July 5, 2023 |
| d) | Defendants' Rule 26(a)(2) expert disclosures:[1] | August 4, 2023 |
| e) | Termination date for discovery:[2] | September 29, 2023 |
| f) | Motions relating to discovery to be filed by:[3] | October 19, 2023 |
| g) | Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by:[4] | October 30, 2023 |
| h) | Plaintiff's portions of proposed Pretrial Order due from Plaintiffs to Defendants by: | January 29, 2024 |
| i) | Parties' consolidated proposed Pretrial Order due from Defendant to Court by: | February 12, 2024 |

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express, written approval obtained for any modification of the case management deadlines set forth herein. Any requests for additional discovery must be submitted to the Court by motion before the discovery deadline expires. The parties must supplement their disclosures or discovery responses pursuant to Fed. R. Civ. P. 26(e)(1) within thirty (30) days of

---

[1] Parties must disclose the names of all expert witnesses, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[2] Discovery must be <u>completed</u> on or before this deadline.

[3] This deadline should not be construed to extend the twenty-one-day time limit in D.N.M.LR-Civ. 26.6.

[4] In addition to dispositive motions, this deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

learning any disclosure or response is incomplete or incorrect. After the close of discovery, parties must supplement their disclosures or discovery responses as soon as possible, but no later than seven (7) days after learning of the need to supplement.

    IT IS SO ORDERED.

                                                       */s/ Kirtan Khalsa*
                                                       KIRTAN KHALSA
                                                       UNITED STATES MAGISTRATE JUDGE